1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MALKIYAT SINGH,                          Case No.  2:22-cv-02003-JDP (SS)

12              Plaintiff,                     **ORDER**

13        v.                                   GRANTING PLAINTIFF'S MOTION FOR
                                               SUMMARY JUDGMENT AND DENYING
14   MARTIN O'MALLEY, Commissioner of          THE COMMISSIONER'S MOTION FOR
     Social Security,                          SUMMARY JUDGMENT
15
                Defendant.                     ECF Nos. 15 & 17
16

17

18        Plaintiff, who suffers from anxiety, depression, degenerative disc disease, headaches, and

19   Parkinson's disease, challenges the final decision of the Commissioner of Social Security

20   ("Commissioner") denying in part his application for a period of disability and disability insurance

21   benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary

22   judgment.  ECF Nos. 15 & 17.  Because I find that the ALJ improperly rejected symptom

23   testimony, plaintiff's motion is granted, and the Commissioner's cross-motion is denied.

24                              **Standard of Review**

25        An Administrative Law Judge's ("ALJ") decision denying an application for disability

26   benefits will be upheld if it is supported by substantial evidence in the record and if the correct

27   legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th

28   Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

                                          1

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

In July 2016, plaintiff filed an application for a period of disability and DIB, alleging disability beginning on December 1, 2015. Administrative Record ("AR") 221-22. After his applications were denied both initially and upon reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). AR 94-118, 120-44. On September 12, 2018, the ALJ issued a partially favorable decision finding that: (1) plaintiff had the severe impairments of degenerative disc disease, diabetes, headaches, hypertension, depression, and anxiety; and (2) plaintiff became disabled on June 25, 2018. AR 12-27. The Appeals Council denied plaintiff's request for review. AR 1-4. Plaintiff then challenged the ALJ's decision by

filing a complaint in district court.  AR 913-18.  On March 10, 2021, the then-assigned magistrate judge issued an order granting plaintiff's motion for summary judgment and remanding the matter for further proceedings.  AR 919-26.  The magistrate judge determined that the Commissioner's decision was undermined by newly submitted medical records showing that on May 29, 2018, a doctor reviewed a brain MRI and diagnosed Parkinson's disease.  AR 923-25.

The motions now before the court relate to the remand proceeding, in which plaintiff appeared and testified at a second hearing, before a different ALJ.  AR 891-912.  On February 9, 2022, the ALJ issued a decision that was again partially favorable: the disability onset date was advanced to May 28, 2018, and Parkinson's disease was included as a severe impairment.  AR 868-84.  Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date.

3. Since the alleged onset date of disability, December 1, 2015, the claimant has had the following severe impairments: lumbar degenerative disc disease, depression, anxiety, and headaches. Beginning on the established onset date of disability, May 28, 2018, the claimant has had the following severe impairments: Parkinson's disease, lumbar degenerative disc disease, depression, anxiety, and headaches.

   * * *

4. Since December 1, 2015, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

   * * *

5. After careful consideration of the entire record, the undersigned finds that prior to May 28, 2018, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he cannot climb ladders, ropes, or scaffolds.  The claimant cannot be exposed to heights or dangerous machinery.  The claimant can frequently climb ramps and stairs, balance, stoop, and crouch.  The

claimant can occasionally kneel and crawl.  The claimant can understand, remember, and apply simple job instructions.  The claimant can maintain concentration, persistence, and pace for simple job tasks.  The claimant can interact with supervisors and coworkers and have occasional contact with the public.

* * *

6.  After careful consideration of the entire record, the undersigned finds that beginning on May 28, 2018, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except cannot climb ladders, ropes, or scaffolds.  The claimant cannot be exposed to heights or dangerous machinery.  The claimant can frequently climb ramps and stairs, balance, stoop, and crouch.  The claimant can occasionally kneel and crawl.  The claimant can understand, remember, and apply simple job instructions.  The claimant can maintain concentration, persistence, and pace for simple job tasks.  The claimant can interact with supervisors and coworkers and have occasional contact with the public.  The claimant will be absent from work one day a week.

* **

7.  Since December 1, 2015, the claimant is unable to perform any past relevant work.

* * *

8.  Prior to the established disability onset date, the claimant was an individual closely approaching advanced age.  The claimant's age category has not changed since the established disability onset date.

9.  The claimant has a limited education.

10. Prior to May 28, 2018, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills.  Beginning on May 28, 2018, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41).

* * *

11. Prior to May 28, 2018, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the

claimant could have performed.

* * *

12. Beginning on May 28, 2018, considering the claimant's age,
    education, work experience, and residual functional capacity, there
    are no jobs that exist in significant numbers in the national
    economy that the claimant can perform.

* * *

13. The claimant was not disabled prior to May 28, 2018, but became
    disabled on that date and has continued to be disabled through the
    date of this decision.

AR 874-84 (citations to the code of regulations omitted).

 Plaintiff requested review by the Appeals Council, but the request was denied.  AR 861-66.

He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

 Plaintiff raises four arguments challenging the ALJ's determination that he was not

disabled prior to May 28, 2018.  First, he argues that the ALJ erred in concluding that his

Parkinson's diagnosis in May 2018 marked the disability onset date.  ECF No. 15 at 5-8.  Second,

he argues that the mental limitations in the RFC lack evidentiary support.  *Id.* at 8-10.  Third,

plaintiff asserts that the ALJ did not properly consider the disabling effects of his severe

headaches.  *Id.* at 10-11.  Lastly, he argues that the ALJ improperly discounted his symptom

allegations.  *Id.* at 11-14.  I agree that the ALJ's reasons for rejecting plaintiff's symptom

testimony are not supported by the record.  Because remand is warranted on this issue, I decline to

address plaintiff's remaining arguments.

 **A.**   **Plaintiff's Hearing Testimony**

 At the hearing before the ALJ on January 11, 2022, plaintiff testified that he sold his liquor

store in 2015 because it was difficult to perform his job duties.  He would get shaky and drop

items, his customers would complain about his service, and he could not understand what his

customers wanted.  AR 895-97.  He also suffered from severe headaches that occurred "all the

time."  AR 897-98.  Following the sale of his business, he would lay on his couch and watch

5

television, try to go for walks or to the park, and sometimes sit at home and cry.  AR 902-03.  In 2018, plaintiff attempted to work as a cashier in his brother-in-law's store.  But customers complained about him, and he could only work three or four hours on some days because he would shake and not be able to stand.  AR 899.  Describing the shaking, plaintiff stated that it "sometime[s] . . . go[es] through the whole body," and makes his neck tight and causes blurry vision.  AR 899-900.  He also experienced sudden hearing loss in his left ear.  AR 900.

When asked about his depression and anxiety, plaintiff testified that he saw a psychiatrist and is prescribed medication, including a sleeping pill because of difficulty sleeping.  AR 900.  If plaintiff is stressed or anxious, the shaking gets worse.  AR 902.  Both day and night, plaintiff has "so many thoughts [that] come to [his] . . . mind that . . . [he] can't stop."  AR 904-05.  But his anxiety is "a little bit better" because of his medication.  AR 902.  He went to a neurologist who told him that he has dementia, and he was advised to take medication to maintain his memory.  AR 903-04.

Concerning physical activity, plaintiff testified that if he is feeling "a little better," he walks two times per day, thirty minutes in the morning and thirty minutes in the evening, but must have someone accompany him.  AR 906-07.  Plaintiff experiences neck pain that triggers headaches, and his legs get shaky to the point that he feels like he needs to sit down.  AR 907.  When asked if he drives, plaintiff responded, "not much," and that he avoids doing so, although he sometimes drives to the park.  AR 905.

**B.      The ALJ's Rejection of Plaintiff's Symptom Testimony**

Having determined that plaintiff's impairments could reasonably be expected to cause his alleged symptoms, the ALJ may reject plaintiff's testimony about the severity of his symptoms only by making "specific findings stating clear and convincing reasons for doing so."  *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (quotations and citation omitted).  Credibility findings must be supported by substantial evidence in the record.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  As explained below, the ALJ's determination fell short of these standards.

6

Citing plaintiff's Adult Function Report, the ALJ found that plaintiff's ability to grocery shop, drive, watch television, and "work in a retail setting" were inconsistent with his subjective symptom testimony, as these activities indicated a higher degree of functioning than alleged. AR 879. The court notes that plaintiff did not disclose in the function report that he had worked in a retail setting. *See* AR 253-62. He testified at the hearing, however, about working as a cashier at his brother-in-law's store during part of 2018. While the ALJ presumably relied on the cashier job as a reason to discredit plaintiff's testimony, there is no explanation as to how this unsuccessful employment attempt is inconsistent with the allegations of disabling impairments considering that plaintiff testified that he was unable to work regular hours due to shaking and difficulty standing. *See* AR 899.

As for the ALJ's reliance on grocery shopping and driving, a review of plaintiff's disclosures in the function report reflects minimal engagement in these activities: he reported that he drives short distances only if necessary, and grocery shops for thirty minutes about two times per month. AR 256. Accordingly, driving and grocery shopping are not "daily" activities, and the ALJ did not explain how these limited, infrequent actions demonstrate the ability to function in the workplace, or that plaintiff's symptoms are less severe than alleged. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding that daily activities may support adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting"), *superseded on other grounds by* 20 C.F.R. § 404.1502(a); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). The ALJ similarly failed to specify how an "undemanding" activity such as watching television reflects the ability to function in an employment setting, or how it undermines plaintiff's symptom allegations. AR 904-05; *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("[R]eading, watching television, and coloring in coloring books are activities that are so undemanding that they cannot be said to bear a meaningful

7

1   relationship to the activities of the workplace."); *see also Fair*, 885 F.2d at 603 (observing that a

2   claimant need not be "utterly incapacitated" to be disabled).

3       The ALJ also cited a treatment note from June 2016 that states that plaintiff engaged in

4   daily yoga and walked up to two times per day around the neighborhood.  AR 879 (citing

5   AR 323).  There is no indication that plaintiff spent a substantial part of his day on these activities,

6   and the ALJ did not explain how the ability to do yoga and to take walks relates to the demands of

7   the workplace, or how these activities contradict plaintiff's testimony that his impairments caused

8   disabling symptoms.  *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012), *superseded*

9   *on other ground by* 20 C.F.R. § 404.1502(a); *Vertigan*, 260 F.3d at 1049-50.  In any event, a

10   clinical note from July 2020—more than two years after the May 2018 disability onset date—

11   reflects that plaintiff engaged in daily yoga for stretching and walked "x4 miles."  *See* AR 1246.

12   Because plaintiff was able to take part in these activities while disabled, the ALJ's reliance on

13   yoga and taking walks does not constitute a clear and convincing reason to discredit the symptom

14   allegations for the time period prior to the onset date.

15       Next, the ALJ discounted plaintiff's subjective complaints because the record purportedly

16   showed that his mental health symptoms improved and that he benefited from his medication.

17   AR 879.  In support, the ALJ cited a medical record from November 2017 that reflects that

18   plaintiff requested a refill of his prescription for sleeping pills.  AR 831.  The ALJ also cited a

19   confidential mental health note from February 2018 that reflects that plaintiff was feeling

20   depressed and anxious, was experiencing decreased energy and motivation, and had consented to

21   treatment with an antidepressant, Duloxetine.  AR 824-25.  The final record that the ALJ cited is a

22   confidential mental health note from March 2018 that states that plaintiff reported a "fair"

23   response to Duloxetine, with no major side effects.  Plaintiff complained, however, that he was

24   feeling depressed and anxious and that he had no energy.  He also displayed psychomotor

25   retardation.  AR 810, 812.  The court finds nothing in the cited records that demonstrates any

26   measurable improvement in plaintiff's mental health symptoms.  Plaintiff reported only a "fair"

27   response to the new antidepressant; he continued to feel depressed and anxious and had decreased

28

1    energy.  Accordingly, the ALJ's finding that symptoms improved with treatment is not supported
2    by substantial evidence.

3          Lastly, to the extent that the ALJ rejected plaintiff's symptom testimony because the record
4    documented only mild objective findings, this reason alone cannot support an adverse credibility
5    determination.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) ("[O]nce a claimant
6    produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a
7    claimant's subjective complaints based solely on a lack of objective medical evidence to fully
8    corroborate the alleged severity of pain.") (citation omitted).

9          **C.      Remand for Further Proceedings**

10          Because the ALJ's rejection of plaintiff's subjective complaint was not based on clear and
11    convincing reasons supported by substantial evidence in the record, the matter must be remanded
12    for further consideration.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district
13    court may reverse the decision of the Commissioner of Social Security, with or without remanding
14    the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the
15    agency for additional investigation or explanation.") (internal quotes and citations omitted);
16    *Treichler v. Comm'r of Social Sec.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ
17    makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand
18    the case to the agency.").

19                              **Conclusion**

20          Accordingly, it is hereby ORDERED that:

21          1.  Plaintiff's motion for summary judgment, ECF No. 15, is granted.

22          2.  The Commissioner's cross-motion for summary judgment, ECF No. 17, is denied.

23          3.  The matter is remanded for further proceedings consistent with this order.

24          4.  The Clerk of Court is directed to enter judgment in plaintiff's favor.

25

26

27

28

IT IS SO ORDERED.

Dated:    February 14, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE