PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE, WSBN 32245
Associate General Counsel
Office of Program Litigation, Office 7
Social Security Administration
SCOTT ELLIOTT, MI 77814
Special Assistant United States Attorney
      6401 Security Boulevard
      Baltimore, Maryland 21235
      Telephone: (212) 264-2079
      E-Mail: scott.a.elliott@ssa.gov
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MALKIYAT SINGH,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 2:22-cv-02003-JDP<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920; [PROPOSED] ORDER |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount $7,000.60 (SEVEN THOUSAND dollars and SIXTY cents) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel, if any.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor any assignment will depend on whether the fees are subject to any offset allowed under the United States

Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel including counsel's firm may have relating to EAJA attorney fees or costs in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Date:   May 22, 2024

/s/ *Jesse S. Kaplan\**
JESSE S. KAPLAN
(as authorized by email on May 22, 2024)
Attorney for Plaintiff

Date:   May 22, 2024

PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE
Associate General Counsel
Social Security Administration

*/s/ Scott Elliott*
SCOTT ELLIOTT
Special Assistant United States Attorney
Social Security Administration
Attorney for Defendant

**[PROPOSED] ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees, **IT IS ORDERED** that fees in the amount of $7,000.60 as authorized by 28 U.S.C. § 2412 be awarded subject to the terms of the Stipulation. The pending motions for attorney fees, ECF Nos. 24 & 25, are denied as moot.

IT IS SO ORDERED.

Dated:   May 29, 2024                                            _____
                                                                                  JEREMY D. PETERSON
                                                                                  UNITED STATES MAGISTRATE JUDGE